UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN GREGORY EDWIN JAITE,<br><br>    Plaintiff,<br><br>    v.<br><br>BENTON COUNTY OFFICIALS,<br><br>    Defendants. | No. 4:16-cv-05076-SAB<br><br>**ORDER DISMISSING CASE** |

Before the Court is Plaintiff Jonathan Gregory Edwin Jaite's complaint, ECF No. 1. Plaintiff alleges that multiple Benton County officials have conspired with Lisa Rhoten to deprive him of the third-party custody of four children. Magistrate Judge John T. Rodgers allowed Plaintiff to proceed *in forma pauperis*. However, the complaint has not been served to Defendants, because under 28 U.S.C. § 1915(e)(2)(B)(ii), when a plaintiff is allowed to proceed *in forma pauperis*, the Court reviews the complaint and "shall dismiss the case" if the action fails to state a claim on which relief may be granted. Because Plaintiff seeks relief this Court cannot grant, the case is **dismissed**.

Federal courts are an improper venue for determining family and domestic relations issues. Rather, state courts have a uniform history of determining family law issues, and well-established policy prevents federal courts from exercising jurisdiction over those issues. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) (decisions regarding the welfare of children have been

**ORDER DISMISSING CASE ^** 1

traditionally left to the state and to the state courts). "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States, and not to the laws of the United States." *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383 (1930) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)).

Thus, federal district courts must decline jurisdiction of cases concerning domestic relations "when the primary issue concerns the status of parent and child . . . ." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). Here, Plaintiff's complaint is suffused with argument and case law indicating that he seeks to undo a state court's decision regarding his custody rights of the children in question. Plaintiff contends that the state court failed to apply the proper standard of review, and seeks "the immediate return of [his] children" as relief. ECF No. 1 at 15. The complaint largely consists of argument regarding alleged mistakes of a state court in determining his parental rights. This indicates that the primary issue of the case is the custody of the children and thus the child-parent relationship.

Plaintiff does mention that he believes his constitutional rights have been violated, and seeks the award of financial relief. *Id.* Such violations can provide monetary damages. But a review of the complaint indicates these claims are ancillary and secondary to the custody issue. Further, "federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child," even when constitutional claims are asserted. *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987), *cert. denied*, 484 U.S. 802.

Given the above, the Court concludes that the primary issue in this case is Plaintiff's custody over the children in question. The Court must abstain from deciding issues which fall within state jurisdiction. And because the issue forms the core of Plaintiff's complaint, ancillary claims of constitutional violations will not be heard as well. Since there is no claim which this Court can grant relief for,

**ORDER DISMISSING CASE ^ 2**

the case fails to present legal sufficiency under 28 U.S.C. § 1915(e)(2)(B)(ii), and must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint by **February 13, 2017**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel and to pro se Plaintiff, and **CLOSE THE CASE**.

**DATED** this 10th day of January, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING CASE ^ 3**