UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN GREGORY EDWIN JAITE,<br><br>    Plaintiff,<br><br>    v.<br><br>BENTON COUNTY OFFICIALS,<br><br>    Defendants. | No. 4:16-cv-05076-SAB<br><br>**ORDER DISMISSING CASE** |

    Before the Court is Plaintiff Jonathan Gregory Edwin Jaite's proposed amended complaint, ECF No. 8, and a document listing multiple parties proposed to join the case as a class action, ECF No. 9. On January 10, 2017 the Court dismissed Plaintiff's original complaint, ECF No. 1, on the grounds that at core Plaintiff's claims raised matters of child custody, which this Court is unable to hear. The Court granted Plaintiff leave to file an amended complaint by February 13, 2017. Thus the proposed amended complaint, filed May 18, 2017, is untimely. However, for the reasons below, even if the amended complaint were timely, it fails to plausibly state a claim for which relief may be brought in this Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**STANDARD**

    "When pro se litigants are proceeding *in forma pauperis*, the court must review the complaint for legal sufficiency, and shall dismiss it if it is 'frivolous or

**ORDER DISMISSING CASE ^** 1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.'" *Banks v. Wash. State CPS*, No. CV-06-0335 JLQ, 2007 WL 128351, at *1 (E.D. Wash. Jan. 11, 2007) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)).

**ANALYSIS**

Plaintiff's amended complaint fails to allege any claims upon which relief may be granted for several reasons. At its core, the proposed amended complaint remains an attempt by Plaintiff to regain custody of his children. The proposed amended complaint lists the four children as parties, and the bulk of the factual allegations in the document revolve around how Plaintiff lost custody of his children. Plaintiff seeks relief in the form of custody of the children and the dismissal of many Benton County officials from their positions (two forms of relief this Court is unable to grant).[1]

As the Court discussed in its prior order of dismissal, federal courts are an improper venue for determining family and domestic relations issues. *See, e.g.*, *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). Thus, federal district courts must decline jurisdiction of cases concerning domestic relations "when the primary issue concerns the status of parent and child . . . ." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968).

Plaintiff has amended his complaint to allege a 42 U.S.C. § 1983 claim for constitutional violations, including violations of the first, fourth, fifth, eighth, ninth, and tenth amendment, and includes a request for monetary damages. Plaintiff fails to address the Court's prior conclusion, however, that abstention on the part of a federal court is proper where constitutional violations can be brought before state courts when the alleged violations spring from child custody issues, a

---

[1] Plaintiff also seeks civil rights damages.

**ORDER DISMISSING CASE ^ 2**

traditional state domain. *See, Beagle v. State of Wash., Dep't of Corr.*, 983 F.2d 1075, 1075 (9th Cir. 1992) (district court properly dismissed civil rights case where constitutional claim derived from an allegedly wrongful deprivation of child custody); *Burlison v. Burlison*, 978 F.2d 714 (9th Cir. 1992) ("Even if the case raises constitutional issues, abstention is proper if the case, at its core, is a domestic relations or child custody dispute."); *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982) ("The cases are in agreement that there is no subject-matter jurisdiction over these types of domestic disputes."); *LeBaron v. Buckingham*, No. CV-07-400-RHW, 2008 WL 867938, at *1 (E.D. Wash. Mar. 28, 2008) (dismissing section 1983 claim where plaintiff claimed others inteferred with parental rights).

Given the above, the Court concludes that the primary issue in this case remains Plaintiff's custody over the children in question. The Court must abstain from deciding issues which fall within state jurisdiction. And because the issue forms the core of Plaintiff's complaint, ancillary claims of constitutional violations will not be heard.

Plaintiff amended his complaint to reflect a claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.* "To state a cognizable RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as 'predicate acts'), (5) causing injury to plaintiff's business or property." *Adams v. Cnty. of San Mateo*, No. 2:14-CV-0265 JAM DAD, 2014 WL 1366258, at *4 (E.D. Cal. Apr. 7, 2014) (citing *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010)).

Plaintiff alleges a civil RICO conspiracy between the Richland City Police Department, two Benton County prosecutors, Benton County Superior Court judges and commissioners, staff at a group called Kids at Heart, Plaintiff's former attorney, Kathryn Kelly, another attorney named Kari Davenport, Kasey Lopez-Purser, Lisa Rhoten, four doctors, and a family court investigator.

**ORDER DISMISSING CASE ^ 3**

Plaintiff did not attempt to allege facts specific to the elements of a civil RICO claim. Under RICO, a plaintiff must allege at least two predicate acts with specificity under Fed. R. Civ. P. 9(b). *See Adams*, 2014 WL 1366258, at *4. Plaintiff's complaint instead alleges facts conclusory accusing multiple parties of various crimes including corruption, perjury, etc., without discussion of what makes these instances criminal.

"Further, [P]laintiff has not alleged a pattern of racketeering activity, or injury in the form of concrete financial loss." *Washington v. Alameda Cty. Soc. Servs.*, No. C 06-5692 SI, 2007 WL 1393766, at *5 (N.D. Cal. May 9, 2007) (citing *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (holding civil RICO claim "requires proof of concrete financial loss"; personal injuries are not compensable)). As discussed above, Plaintiff seeks the custody of his children and civil rights damages; there is no allegation of concrete financial loss.

Lastly, the inclusion of the RICO claim strikes the Court as an effort to circumvent the domestic relations exemption to its jurisdiction by pleading a federal cause of action. A federal claim cannot provide federal jurisdiction where it is so insubstantial as to be patently without merit. *Hagens v. Lavine*, 415 U.S. 528, 537-38 (1974). The RICO claim is lacking in so many elements, and in specific factual allegations in fulfillment of Fed. R. Civ. P. 9(b), that the Court finds it patently without merit.

Finally, "[w]hile a non-attorney may represent him or herself in a lawsuit, he or she has no authority to appear as an attorney for others." *Tilley v. Sacramento Super. Ct.*, No. CIVS050636FCDGGHPS, 2005 WL 1683874, at *4 (E.D. Cal. July 12, 2005). Here, Plaintiff purports to represent other parties, both through joinder and class action. *See* ECF No. 9. This cannot be; only a licensed attorney may bring class action claims or represent more than one plaintiff. Plaintiff can only represent himself pro se.

**ORDER DISMISSING CASE ^ 4**

## CONCLUSION

Unless it is clear that no amendment can cure a defect, a pro se litigant proceeding *in forma pauperis* is entitled to notice and an opportunity to amend the complaint before dismissal. *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984). The Court has granted that opportunity, and the amended complaint is unavailing. There is no claim which this Court can grant relief for; the case fails to present legal sufficiency under 28 U.S.C. § 1915(e)(2)(B)(ii), and must be dismissed. Since "[t]he Court is without jurisdiction to hear Plaintiff's claims . . . the action is dismissed without prejudice to file in the appropriate state court." *Wade v. Cohen*, No. CV-08-3071-RHW, 2008 WL 4999285, at *1 (E.D. Wash. Nov. 20, 2008).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The complaint is **DISMISSED WITHOUT PREJUDICE**. Further leave to amend the complaint is **DENIED**. Plaintiff may file a case addressing his claims in state court if he wishes.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel and to pro se Plaintiff, and **CLOSE THE CASE**.

**DATED** this 5th day of October 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING CASE ^ 5**